UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

                        Plaintiff,

v.

RANDALL E. GARVER; NEW YORK
STATE TROOPERS; NEW YORK
STATE TROOPER DOE; THE
BROOME COUNTY HUMANE
SOCIETY; DAVID GASKA; KAREN
MATSON; VESTAL ANIMAL HOSPITAL;
VESTAL ANIMAL VETERINARIAN
DOE; MIROSLAV LOVRIC; BRENDA
KAY SANNES; and LAWRENCE
JOSEPH VILARDO,

                        Defendants.

_____

3:23-CV-1547
(BKS/ML)

APPEARANCES:

DAVID C. LETTIERI
  Plaintiff, *Pro Se*
Devens Federal Medical Center
Post Office Box 879
Ayer, Massachusetts 01432

OF COUNSEL:

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

### I.  BACKGROUND

#### A.  Procedural History

On October 8, 2025, the undersigned issued an Order and Report-Recommendation that outlined the procedural history in this action.  (Dkt. No. 43.)  The undersigned's Report and

Recommendation recommended that Plaintiff's Amended Complaint be dismissed with leave to replead to the extent that it asserted claims against Defendant New York State Trooper Doe in his individual capacity, the Broome County Humane Society, David Gaska, Karen Matson, Vestal Animal Hospital, and Vestal Veterinarian Doe. (Dkt. No. 43 at 24.) In addition, the undersigned recommended dismissal without leave to replead Plaintiff's claims against Defendants New York State Troopers and New York State Trooper Doe in his official capacity. (*Id*.)

On May 26, 2026, Chief United States District Judge Brenda K. Sannes adopted the undersigned's Report and Recommendation. (Dkt. No. 51.)

On June 9, 2026, Plaintiff filed a second amended complaint, which is currently before the Court for review. (Dkt. No. 57.)

**B.     Second Amended Complaint**

Construed as liberally[1] as possible, Plaintiff's Second Amended Complaint appears to allege that his civil rights were violated by Defendants Randall E. Garver, New York State Troopers, New York State Trooper Doe, the Broome County Humane Society, David Gaska, Karen Matson, Vestal Animal Hospital, Vestal Animal Veterinarian Doe, Miroslav Lovric, Brenda Kay Sannes, and Lawrence Joseph Vilardo (collectively "Defendants").[2] (*See generally* Dkt. No 57.)

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]     The Clerk of the Court is directed to add defendants Randall E. Garver, Miroslav Lovric, Brenda Kay Sannes, and Lawrence Joseph Vilardo as defendants to this action.

The factual allegations asserted in the Second Amended Complaint are substantially the same as those in the Amended Complaint.  (*Compare* Dkt. No. 36, *with* Dkt. No. 57.)  Those allegations were described at length in the undersigned's Report and Recommendation dated October 8, 2025.  (Dkt. No. 43 at 4-7.)  With the Second Amended Complaint, Plaintiff adds as defendants: (1) Randall E. Garver, (2) Miroslav Lovric, (3) Brenda Kay Sannes, and (4) Lawrence Joseph Vilardo.  (Dkt. No. 57 at 1.)  The Second Amended Complaint alleges that Defendant Garver "admitted to deleting the footage" but does not specify what footage was allegedly deleted.  (Dkt. No. 57 at 5.)  The Second Amended Complaint alleges that Defendants Lovric and Sannes have blocked Plaintiff's access to the Court.  (*Id*. at 6-7.)  Plaintiff alleges that Defendant Lovric "know[s] David Gaska since David Gaska was on both cases."[3]  (*Id*. at 7.)  The Second Amended Complaint alleges that Defendant Vilardo "has admitted to the charge that the plaintiff was arrest to be false with fabricated evidence" and that Defendant Vilardo "had been making frivolous and meritless decisions."  (*Id*. [errors in original].)

Based on these factual allegations, Plaintiff asserts the same fourteen causes of action that were set forth in the Amended Complaint[4] (Dkt. No. 43 at 6-7) and (1) twelve claims of abuse of

---

[3]    Plaintiff has filed at least twelve other cases in this district including three other actions that assert claims against Defendant Gaska: (1) *Lettieri v. Gaska*, 3:24-CV-0102 (GTS/ML), (2) *Lettieri v. Broome County Sheriffs*, 3:24-CV-0156 (LEK/ML), and (3) *Lettieri v. Matson*, 3:24-CV-0434 (GTS/ML).  These three other actions by Plaintiff against Defendant Gaska are closed.

[4]    (1) a claim of unlawful search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983 against Defendants related to the taking of Plaintiff's girlfriend's dog ("First Claim"); (2) a claim of slander and libel based on statements Defendants made that Plaintiff is a person who abuses animals ("Second Claim"); (3) a claim of abuse of process based on Defendant Trooper Doe's threat to arrest Plaintiff ("Third Claim"); (4) a claim of unlawful search and seizure pursuant to the Fourth Amendment and 42 U.S.C. § 1983 ("Fourth Claim"); (5) a claim that Defendant Gaska "forc[ed Plaintiff] to surrender property" in violation of the Fourth Amendment and 42 U.S.C. § 1983 ("Fifth Claim"); (6) a claim of excessive force against Defendant State Trooper Doe based on his threatened use of bodily harm ("Sixth Claim"); (7) a claim that Defendants committed the crime of frauds and swindles pursuant to 18 U.S.C. § 1341 ("Seventh Claim"); (8) a claim that Defendants committed the crime of fraud by wire, radio, or

process against Defendants Lovric, Sannes, and Vilardo related to other civil actions that Plaintiff has commenced in federal court ("Fifteenth Claim," "Sixteenth Claim," "Seventeenth Claim," "Eighteenth Claim," "Nineteenth Claim," "Twentieth Claim," "Twenty-first Claim," "Twenty-second Claim," "Twenty-third Claim," "Twenty-fourth Claim," "Twenty-sixth Claim," and "Twenty-seventh Claim"); (2) a claim of conversion pursuant to New York common law ("Twenty-fifth Claim"); and (3) a claim pursuant to 18 U.S.C. § 1030 against Defendant Garver ("Twenty-eighth Claim"). (Dkt. No. 57 at 7-22.) As relief, Plaintiff seeks monetary damages, and injunctive relief in the form of, *inter alia*: (1) termination of Defendants Gaska, Matson, and Vestal Animal Veterinarian Doe from their "positions," (2) termination of the right to practice medicine with respect to Defendant Vestal Animal Hospital, (3) reformation of policies, (4) expungement of records at Defendant Vestal Animal Hospital, (5) that all cases before Defendants Lovric, Sannes, and Vilardo be vacated and dismissed, (6) granting of *in forma pauperis* status in several other cases and a direction that the United States Marshal complete

---

television pursuant to 18 U.S.C. § 1343 ("Eighth Claim"); (9) a claim that Defendants committed common law fraud ("Ninth Claim"); (10) a claim that Defendants committed the crime of interference with commerce by threats or violence pursuant to 18 U.S.C. § 1951 ("Tenth Claim"); (11) a claim that Defendants committed the crime of laundering monetary instruments pursuant to 18 U.S.C. § 1956 ("Eleventh Claim"); (12) a claim that Defendants New York State Troopers, Broome County Humane Society, and Vestal Animal Hospital are all liable pursuant to *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978) ("Twelfth Claim"); (13) a claim that Defendant New York State Trooper Doe violated Plaintiff's right to counsel pursuant to the Sixth Amendment and 42 U.S.C. § 1983 ("Thirteenth Claim"); and (14) a claim that Defendant Vestal Animal Hospital committed malpractice ("Fourteenth Claim"). (*See* Dkt. No. 43 at 6-7; *compare* Dkt. No. 36 4-11 [Amended Complaint setting forth fourteen causes of action], *with* Dkt. No. 57 at 7-16 [Second Amended Complaint setting forth the first fourteen causes of action that appear to largely mirror the fourteen causes of action from the Amended Complaint].) The Second Amended Complaint also appears to add the United States District Court for the Northern District of New York and the United States District Court for the Western District of New York as parties to the Twelfth Claim. (Dkt. No. 57 at 14-15.)

service of process, (7) vacating a transfer order in another action and the ability to proceed with the action, and (8) that an immunity defense be barred in another action.  (Dkt. No. 57 at 22-24.)

Plaintiff was granted IFP status.  (Dkt. No. 33.)

## II.    LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

Because Plaintiff is proceeding *in forma pauperis*, his Second Amended Complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).  The legal standard governing review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) was discussed at length in the Order and Report-Recommendation issued by the undersigned dated May 6, 2025, and will not be repeated here.  (Dkt. No. 33 at 5-6.)

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

### III.    ANALYSIS

#### A.    Claims Pursuant to 42 U.S.C. § 1983

##### 1.    Claims Against Defendants New York State Police and New York State Trooper Doe in his Official Capacity

Chief Judge Sannes dismissed Plaintiff's claims against Defendants New York State Police and New York State Trooper Doe in his official capacity without leave to amend. (Dkt. No. 51 at 4.)  Thus, I recommend that to the extent Plaintiff asserts any claims against Defendants New York State Police and New York State Trooper Doe in his official capacity, those claims be dismissed.[5]

##### 2.    Claims Against Defendant Broome County Humane Society

The Second Amended Complaint alleges that "a state trooper had came up to the plaintiff and threat to arrest the plaintiff with a loaded gun . . . [unless Plaintiff] surrender[ed] the dog to the Broome County Humane Society." (Dkt. No. 57 at 4.)  The Second Amended Complaint alleges that Defendant Broome County Humane Society's records reflected that Plaintiff was the owner of the dog, but really the dog belonged to his girlfriend. (*Id*.)  Plaintiff alleges that Defendant Broome County Humane Society claimed that Plaintiff neglected the dog. (*Id*.)  Further, the Second Amended Complaint alleges that Defendant Broome County Humane Society is "clothed with state law, New York State law because of making them a peace officer in agriculture and market law." (*Id*. at 6; *accord id.* at 2.)

As set forth in the undersigned's Report and Recommendation dated October 8, 2025, these allegations fail to plausibly suggest that Defendant Broome County Humane Society

---

[5]    In the alternative, I recommend that Plaintiff's claims against Defendants New York State Troopers and New York State Trooper Doe in his official capacity be dismissed based on Eleventh Amendment sovereign immunity. (Dkt. No. 43 at 7-8.)  To the extent that the Second Amended Complaint is liberally construed as seeking injunctive relief from Defendants New York State Troopers and New York State Trooper Doe in his official capacity, I recommend

violated Plaintiff's constitutional rights or took any action against Plaintiff.  (Dkt. No. 43 at 10.)

Moreover, the Second Amended Complaint fails to allege facts plausibly suggesting that

Defendant Broome County Humane Society's alleged actions are fairly attributable to the state.

(*Id*. at 10-11.)  Plaintiff's conclusory allegation that Defendant Broome County Humane Society

is clothed with state law, without attributing any actions taken by Defendant Broome County

Humane Society, fails to allege that its actions should be fairly attributable to the State.

### 3.      Claims Against Defendant Matson

As set forth in the undersigned's Report and Recommendation dated October 8, 2025,

Plaintiff alleges that Defendant Matson accepted Plaintiff's $2,000 payment on August 18, 2020,

which Plaintiff understood covered the remaining treatment for his girlfriend's dog.  (Dkt. No.

57 at 3-4.)  This allegation is insufficient to plausibly suggest that Defendant Matson was

personally involved in violation of Plaintiff's constitutional rights.  (Dkt. No. 43 at 11-12.)

---

dismissal of those claims.  "[J]udgments against state officers declaring that they violated federal law in the past" are also not permitted.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 146 (1993) (citing *Green v. Mansour,* 474 U.S. 64, 73 (1985)).  However, prospective injunctive relief is available against individuals being sued in their official capacities in order to correct an ongoing violation of federal law.  *See Edelman v. Jordan,* 415 U.S. 651, 663 (1974); *Ex Parte Young,* 209 U.S. 123 (1908).  "In seeking prospective relief like an injunction, 'a plaintiff must show that he can reasonably expect to encounter the same injury again in the future—otherwise there is no remedial benefit that he can derive from such a judicial decree." *Leder v. Am. Traffic Sols., Inc.*, 81 F. Supp. 3d 211, 222 (E.D.N.Y. 2015), *aff'd*, 630 F. App'x 61 (2d Cir. 2015) (quoting *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 593 (S.D.N.Y. 2011)); *see also Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, N.Y.*, 945 F.3d 83, 110 (2d Cir. 2019) ("'[C]onjectural' injuries do not suffice under Article III.") (alteration in original) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983)) ("[The plaintiffs] lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury.").  Plaintiff fails to allege facts plausibly suggesting that he is at risk of future harm by Defendants New York State Troopers and New York State Trooper Doe in his official capacity.

### 4.    Claims Against Defendant Gaska

#### a.    First Claim: Unreasonable Search and Seizure

For the reasons set forth in the undersigned's Report and Recommendation dated October 8, 2025, I recommend that Plaintiff's First Claim—asserting an unreasonable search and seizure claim based on the taking of Plaintiff's girlfriend's dog—be dismissed for failure to state a claim upon which relief may be granted.  (Dkt. No. 43 at 12-13.)  More specifically, Plaintiff's allegation that he had no ownership rights to the animal that was seized (Dkt. No. 57 at 4, 5), is insufficient to state a claim upon which relief may be granted.  (Dkt. No. 43 at 12-13 [holding that Plaintiff failed to assert a possessory interest in the dog allegedly seized where Plaintiff consistently referred to the dog as his girlfriend's and alleged that he had "no ownership to the animal"].)

#### b.    Fourth and Fifth Claims: Unlawful Search and Seizure

For the reasons set forth in the undersigned's Report and Recommendation dated October 8, 2025, I recommend that Plaintiff's Fourth and Fifth Claims—asserting unlawful search and seizure based on Defendant Gaska's alleged conduct on August 11, 2020—be dismissed for failure to state a claim upon which relief may be granted.  (Dkt. No. 43 at 15-17.)  More specifically, Plaintiff's allegation that "[a]fterwards the plaintiff had found out David Gaska had came on the plaintiff property on August 11, 2020 . . . (Dkt. No. 57 at 5), is insufficient to state a claim upon which relief may be granted.  (Dkt. No. 43 at 15-17 [holding that there are areas of a property where a reasonable expectation of privacy does not attach and thus, law enforcement may enter without a warrant].)  Despite the Court previously identifying this deficiency in the Amended Complaint, the Second Amended Complaint does not clarify where on Plaintiff's property Defendant Gaska allegedly entered and as set forth previously, there are spaces within a property that a state actor may enter without a warrant.  (Dkt. No. 43 at 16-17.)

8

### 5.     Claims Against Defendant Garver

The only claim that appears to be asserted against Defendant Garver is the Twenty-eighth Claim, which is discussed below in Part III.B. of this Report and Recommendation.  (Dkt. No. 57 at 21-22.)

### 6.     Claims Against Defendants Vestal Animal Hospital and Vestal Animal Veterinarian Doe

For the reasons set forth above in Part III.A.4.a. of this Report and Recommendation, I recommend dismissal of any unlawful search and seizure claim against Defendants Vestal Animal Hospital and Vestal Animal Hospital Veterinarian Doe to the taking of Plaintiff's girlfriend's dog.

### 7.     Claims Against Defendant Trooper Doe in His Individual Capacity

#### a.     First Claim: Unlawful Search and Seizure

For the reasons set forth above in Part III.A.4.a. of this Report and Recommendation, I recommend dismissal of any unlawful search and seizure claim against Defendant Trooper Doe in his individual capacity related to the taking of Plaintiff's girlfriend's dog.

#### b.     Third Claim: Abuse of Process

For the reasons set forth in the undersigned's Report and Recommendation dated October 8, 2025, I recommend that Plaintiff's Third Claim—asserting abuse of process against Defendant Trooper Doe in his individual capacity—be dismissed for failure to state a claim.  (Dkt. No. 43 at 14-15.)  More specifically, Plaintiff's allegation that Defendant Trooper Doe threatened to arrest Plaintiff if Plaintiff did not surrender his girlfriend's dog (Dkt. No. 57 at 4, 8), is insufficient to state a claim upon which relief may be granted.  (Dkt. No. 43 at 14-15 [citing *Xydous v. City of Utica*, 24-CV-0135, 2025 WL 1755201, at *12 (N.D.N.Y. June 25, 2025) (Suddaby, J.) (holding that "a mere *threat* to effect a warrantless arrest—is not a legal process that is *regularly issued by*

9

*or filed in a court* (unlike, for example, an arrest *warrant* issued by a judge, or the application for such a warrant which is filed in a court).") (emphasis in original)].)

### c.        Sixth Claim: Excessive Force

For the reasons set forth in the undersigned's Report and Recommendation dated October 8, 2025, I recommend that Plaintiff's Sixth Claim—asserting excessive force against Defendant Trooper Doe in his individual capacity—be dismissed for failure to state a claim upon which relief may be granted.  (Dkt. No. 43 at 17-18.)  More specifically, Plaintiff's allegation that Defendant Trooper Doe threatened Plaintiff by pointing a gun at him (Dkt. No. 57 at 4, 9), is insufficient to state a claim upon which relief may be granted.  (Dkt. No. 43 at 17-18 [citing *Pierre v. City of New York*, 531 F. Supp. 3d 620, 627 (E.D.N.Y. 2021) (holding that "threats of force, including the drawing of a gun, cannot constitute excessive force as a matter of law.")].)

### d.        Thirteenth Claim: Right to Counsel

For the reasons set forth in the undersigned's Report and Recommendation dated October 8, 2025, I recommend that Plaintiff's Thirteenth Claim—asserting that his right to counsel was violated by Defendant Trooper Doe in his individual capacity—be dismissed for failure to state a claim upon which relief may be granted.  (Dkt. No. 43 at 18-19.)  More specifically, Plaintiff's allegation that during an investigatory juncture, he requested a lawyer and Defendant Trooper Doe told him that he did not need one (Dkt. No. 57 at 4, 15), is insufficient to state a claim upon which relief may be granted.  (Dkt. No. 43 at 18-19 [citing *Nimkoff v. Dollhausen*, 751 F. Supp. 2d 455, 465 (E.D.N.Y. 2010) (holding that "[g]enerally, New York State courts hold that a criminal proceeding, and with it the right to counsel, is initiated by the filing of an accusatory instrument.") (internal quotation marks omitted)].)

**8.      Claims Against Defendants Lovric, Sannes, and Vilardo**

Plaintiff asserts twelve claims of abuse of process against the undersigned, Chief Judge Sannes, and Judge Vilardo (Fifteenth Claim, Sixteenth Claim, Seventeenth Claim, Eighteenth Claim, Nineteenth Claim, Twentieth Claim, Twenty-first Claim, Twenty-second Claim, Twenty-third Claim, Twenty-fourth Claim, Twenty-sixth Claim, and Twenty-seventh Claim). (Dkt. No. 57 at 16-21.)

Judges are absolutely immune from suit for claims seeking damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "As a general matter, judges are not absolutely immune from suits for prospective injunctive relief." *McKeown v. N.Y. State Com'n on Judicial Conduct*, 377 F. App'x 121, 124 (2d Cir. 2010) (citing *Mireles v. Waco*, 502 U.S. 9, 10 n.1 (1991) (per curiam). However, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Plaintiff's claims against the undersigned, Chief Judge Sannes, and Judge Vilardo, involve the performance of our judicial functions. (*See generally* Dkt. No. 57.) More specifically, Plaintiff alleges that Chief Judge Sannes "created a frivolous order in which had blocked a motion to this case." (Dkt. No. 57 at 6.) Plaintiff alleges the undersigned has "throw[n] out papers of ob[j]ection to 23-CV-1099 and the third amended complaint to 24-CV-102 along with motions to the cases." (*Id*.) Plaintiff alleges that Judge Vilardo has issued "frivolous and meritless decisions" which he alleges have helped Defendants in violation of Plaintiff's rights. (*Id*. at 7.) These allegations relate to actions and omissions that were clearly taken while the undersigned, Chief Judge Sannes, and Judge Vilardo were acting in our judicial

11

roles overseeing Plaintiff's civil rights actions.  The Second Amended Complaint does not allege that the undersigned, Chief Judge Sannes, or Judge Vilardo violated a declaratory decree or that declaratory relief was unavailable.  (*See generally* Dkt. No. 57.)

As a result, Plaintiff's claims for money damages are barred by absolute judicial immunity and to the extent that Plaintiff seeks injunctive relief Section 1983, relief is not available because Plaintiff failed to allege that Defendants Lovric, Sannes, and Vilardo violated a declaratory decree or that declaratory relief was unavailable.  *McKeown*, 377 F. App'x at 124.

Moreover, I recommend that Plaintiff's official capacity claims against the undersigned, Chief Judge Sannes, and Judge Vilardo be dismissed based on the doctrine of sovereign immunity.  *Rech v. Siragusa*, 23-CV-6039, 2023 WL 2559409, at *5 (W.D.N.Y. Mar. 3, 2023) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)) (dismissing the plaintiff's claims against federal judges in their official capacities as "barred by sovereign immunity.").[6]

---

[6]  Moreover, venue for any claims that Plaintiff asserts against Defendant Vilardo likely lie in the District Court for the Western District of New York.  Venue in an action such as this is governed by 28 U.S.C. § 1391(b), which provides, in pertinent part, that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

28 U.S.C. § 1391(b).  "In the event of a finding that venue is improper, a court is empowered to dismiss the action or, alternatively, if the interest of justice dictates, to transfer the case to any district in which it could have been brought."  *Glover v. Goord*, 06-CV-1037, 2007 WL 2454193, at *6 (N.D.N.Y. Aug. 22, 2007) (Kahn, J., adopting report and recommendation of Peebles, M.J.) (citing 28 U.S.C. § 1406(a); *Goldawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962)).  As a result, I recommend that, in the alternative, Plaintiff's claims against Defendant Vilardo be dismissed based on improper venue.

### 9.      *Monell* Claims (Twelfth Claim)

"[T]o hold a municipality liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Adams v. City of Syracuse*, 21-CV-0650, 2025 WL 2772081, at *28 (N.D.N.Y. Sept. 29, 2025) (Nardacci, J.) (internal brackets omitted) (quoting *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020)).  A plaintiff can establish the existence of an official policy or custom through "(1) a formal policy endorsed by the municipality; (2) actions directed by the government's authorized decisionmakers or those who establish governmental policy; (3) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware; or (4) a constitutional violation resulting from policymakers' failure to train municipal employees." *Deferio v. City of Syracuse*, 770 F. App'x 587, 589-90 (2d Cir. 2019) (internal quotations, citations, and brackets omitted).

The Second Amended Complaint essentially complains of a discrete incident on August 18, 2020, during which Plaintiff was allegedly treated improperly by employees of Defendant New York State Troopers, Broome County Animal Hospital, and Vestal Animal Hospital.  (*See generally* Dkt. No. 57.)  Plaintiff fails to assert facts plausibly suggesting a policy or custom, which would support municipal liability based on these facts.  *See Flagg v. NYS Division of Parole*, 19-CV-0886, 2019 WL 5002215, at *5 (N.D.N.Y. Aug. 15, 2019) (Baxter, M.J.) (citing *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)) ("A single incident, particularly if it involved individuals below the policy-making level is insufficient to state a *Monell* claim."), *report and recommendation adopted*, 2019 WL 4963112 (N.D.N.Y. Oct. 8, 2019) (McAvoy, J.); *Wright v. City of Syracuse*, 10-CV-0661, 2014 WL 1293527, at *15 (N.D.N.Y. Mar. 31, 2014) (Suddaby,

J.) ("Isolated acts of municipal employees are typically not sufficient to establish municipal liability.").  In addition, none of Plaintiff's allegations reflect a failure to train or "deliberate indifference" to the rights of persons who would come into contact with employees of Defendant New York State Troopers, Broome County Animal Hospital, and Vestal Animal Hospital.

In addition, despite not listing the United States District Court for the Northern District of New York or the United States District Court for the Western District of New York, as defendants, Plaintiff appears to attempt to assert claims pursuant to *Monell* against those entities. (Dkt. No. 57 at 13-15.)  Notwithstanding, the United States District Court for the Northern District of New York and the United States District Court for the Western District of New York are immune from suit pursuant to the doctrine of sovereign immunity.  *See Benyi v. New York*, 20-CV-1463, 2021 WL 1406649, at *7 (N.D.N.Y. Mar. 23, 2021) (Lovric, M.J.) (recommending dismissal of the plaintiff's Section 1983 claims against the federal defendants based on the doctrine of sovereign immunity), *report and recommendation adopted by* 2021 WL 1404555 (N.D.N.Y. Apr. 13, 2021) (Hurd, J.); *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 301 (N.D.N.Y. Nov. 1, 2019) (Hurd, J.) (dismissing the plaintiff's Section 1983 claims against federal defendants for lack of subject matter jurisdiction because the United States is immune from constitutional tort claims).

As a result, I recommend that any claims pursuant to *Monell* be dismissed.

**B.      Criminal Law Claims (Seventh Claim, Eighth Claim, Tenth Claim, Eleventh Claim, and Twenty-eighth Claim)**

As set forth in the undersigned's Report and Recommendation dated October 8, 2025, "a private plaintiff cannot pursue a claim under the criminal statutes found in Title 18 of the United States Code."  (Dkt. No. 43 at 21 [quoting *Bennett v. New York State Thruway Auth*., 22-CV-0337, 2024 WL 1053222, at *17 (N.D.N.Y. Mar. 11, 2024) (Hurd, J.); citing *Storm-Eggink v.*

14

*Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order) (collecting cases) (holding that

there is no private right of action under Title 18 of the U.S. Code.)].)

As a result, I recommend that any claims Plaintiff asserts pursuant to Title 18 of the U.S.

Code be dismissed.

### C.    State Law Claims (Second Claim, Ninth Claim, Fourteenth Claim, Twenty-fifth Claim)

Having found that all of Plaintiff's federal claims are subject to dismissal, I recommend

that the Court decline to exercise jurisdiction over any state law claims.  *See* 28 U.S.C. §

1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction

over [pendent state law claims] if . . . the district court has dismissed all claims over which it has

original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the

usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

and comity—will point toward declining to exercise jurisdiction over the remaining state-law

claims."); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986) (citing *Kavit v. A.L.

Stamm & Co.*, 491 F.2d 1176, 1180 (1974)) (holding that "federal courts, absent exceptional

circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case

can be disposed of by summary judgment").[7]

## IV.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

---

[7]    In addition, the undersigned notes that the statute of limitations for defamation claims in New York is one year.  N.Y. C.P.L.R. § 215(3).  The actions alleged in this action occurred more than two years before the commencement of this action.  Hence, the statute of limitations for any defamation claim has likely expired.

15

gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[8]

In this instance, I conclude that any further amendments to Plaintiff's Second Amended Complaint would be futile.  Plaintiff has already amended his pleading two times and failed to correct the deficiencies identified by the Court in his prior pleadings. (Compare Dkt. No. 1, *and* Dkt. No. 36, *with* Dkt. No. 57.)  Any additional amendments to Plaintiff's Second Amended Complaint are not likely to be productive.  As a result, I recommend that all claims in Plaintiff's Second Amended Complaint be dismissed without leave to amend.  *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69

---

[8]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

(2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed.' "); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

Plaintiff is advised that he should not file another amended pleading or a motion to amend the Second Amended Complaint until Chief Judge Sannes rules on this Report and Recommendation. Any further amended pleading or motion to amend that is filed before Chief Judge Sannes's decision with respect to this Report and Recommendation, will be stricken as premature and will not be considered by the Court. As noted below, however, Plaintiff may file objections to this Report and Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of the Court shall add defendants Randall E. Garver, Miroslav Lovric, Brenda Kay Sannes, and Lawrence Joseph Vilardo, to the caption of this action; and it is further respectfully

**RECOMMENDED** that Plaintiff's Second Amended Complaint (Dkt. No. 57) be **<u>DISMISSED WITHOUT LEAVE TO AMEND</u>**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

---

[9]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: July  15 , 2026
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[10]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).